1
2
3
4
5
6
7 **IN THE UNITED STATES DISTRICT COURT**

8 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10 CARLOTTA OGUNDIMO,                       CASE NO. CV-F-04-6641 LJO

11              Plaintiff,               **ORDER ON DEFENDANT'S MOTION TO DISMISS** (Doc. 7)

12      vs.

13 JO ANNE B. BARNHART,
Commissioner of Social Security,

14
                Defendant.
15 _____/

16                     **INTRODUCTION**

17      Plaintiff Carlotta Ogundimo ("plaintiff") proceeds in this action seeking judicial review of an

18 administrative decision denying plaintiff's claim for benefits under the Social Security Act.  Defendant

19 Commissioner of Social Security ("Commissioner") seeks to dismiss plaintiff's action on the grounds

20 plaintiff's complaint was untimely filed.  Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties

21 consented to proceed before a United States Magistrate Judge, and this action was reassigned to

22 Magistrate Judge Lawrence J. O'Neill.

23                     **BACKGROUND**

24      On September 23, 2003, an Administrative Law Judge denied plaintiff's claims for disability

25 benefits.  On December 12, 2003, the Appeals Council of the Social Security Administration denied

26 plaintiff's request for review of an Administrative Law Judge's decision and notified plaintiff on the

27 same day.  (Decl. of Rose Ray, Exh. 2 to Defendant's motion.)  On February 10, 2004, plaintiff

28 requested the Appeals Council grant her an extension of time to file a civil action. (Exh. 3.)  The basis

1

1   for plaintiff's request was illness and the withdrawal of her attorney from representation. On March 11,

2   2004, the Appeals Council granted plaintiff an additional 60 days to file a civil action. (Ex. 4.) Plaintiff

3   then requested a second extension of time to file a civil action on May 11, 2004.[1] (Exh. 5.) That request

4   was denied by the Appeals Council on August 16, 2004. (Exh.6)  On December 2, 2004, plaintiff filed

5   her complaint in this action for judicial review. *See* 42 U.S.C. § 405(g).

6        On April 15, 2005, the Commissioner filed this motion to dismiss for lack of subject matter

7   jurisdiction on the grounds that plaintiff's complaint is untimely for failure to file the complaint within

8   60 days of the Notice from the Appeals Council.  On May 19, 2005, the Court issued an order to show

9   cause to plaintiff why the case should not be dismissed for plaintiff's failure to respond to the

10  Commissioner's motion.  Plaintiff filed a response to the order to show cause on May 27, 2005.  On June

11  2, 2005, the Court then directed plaintiff to file a response to the Commissioner's motion.  On July 6,

12  2005, plaintiff filed a response to the motion.  On July 21, 2005, the Commissioner filed a reply brief

13  in support of her motion.  Plaintiff filed a reply to the Commissioner's reply on July 29, 2005.  Having

14  considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the

15  following order.

16                                          **DISCUSSION**

17       The issue before this Court is whether the Court lacks jurisdiction to review the decision of the

18  Administrative Law Judge due to the claimant's failure to timely commence this civil action.

19       Judicial review of final decisions denying claims under Title II or Title XVI of the Social

20  Security Act is governed by 42 U.S.C. § 405 which provides in pertinent part:

21       (g) Judicial Review.   Any individual, after any final decision of the
     Commissioner of Social Security made after a hearing to which he was a party,
22   irrespective of the amount in controversy, may obtain review of such decision by a civil
     action commenced **within 60 days** after mailing to him of notice of such decision or
23   within such further time as the Commissioner of Social Security may allow. . . .

24       (h) Finality of Commissioner's decision.   The findings and decision of the
     Commissioner of Social Security after a hearing shall be binding upon all individuals
25   who were parties to such hearing.  No findings of fact or decision of the Commissioner

26

27       [1] Plaintiff's second request is undated and the request is not stamped with a "received" date by the Appeals Council.
     The Commissioner submits the declaration of Rose Ray, Acting Chief of Court Case Preparation and Review Branch 1 of
     the Office of Appellate Operations.  Ms. Ray testifies that plaintiff's second request was on May 11, 2004.  (Ray Decl. ¶3(c).)
28   Plaintiff does not dispute this date.

                                                2

1   of Social Security shall be reviewed by any person, tribunal, or governmental agency
2   except as herein provided.  No action against the United States, the Commissioner of
    Social Security, or any officer or employee thereof shall be brought under section 1331
3   or 1346 of Title 28 to recover on any claim arising under this subchapter. (Emphasis
    added.)

4   Pursuant to 42 U.S.C. § 405, the only permitted civil action on a claim arising under Title II or

5   Title XVI of the Social Security Act is to review the "final decision of the [Commissioner] made after

6   a hearing" and which must be "commenced within 60 days after mailing to [the claimant] notice of such

7   decision."  20 C.F.R. § 422.210 further provides that a civil action, such as the instant action, "must be

8   instituted **within 60 days** after the Appeals Council's notice of denial of request for review of the

9   administrative law judge's decision or notice of the decision by the Appeals Council is received by the

10  individual . . ." (Emphasis added.)  The regulation further provides "the date of receipt of the presiding

11  officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after

12  the date of such notice, unless there is a reasonable showing to the contrary."  *McCall v. Bowen*, 832 F.

13  2d 862 (5th Cir. 1987) (Citing 20 C.F.R. § 422.210(c)).

14  Here, on February 10, 2004, plaintiff requested an extension of time to file a civil action.  (Exh.

15  3.)  On March 11, 2004, the Appeals Council granted plaintiff an additional 60 days to file a civil action.

16  (Exh. 4.)  Plaintiff then requested a second extension of time to file a civil action on May 11, 2004.  (Exh.

17  5.)  That request was denied by the Appeals Council on August 16, 2004.  (Exh.6) The second request

18  was denied because the Appeals Council had previously granted plaintiff the initial extension for the

19  same reasons which plaintiff gave for the second request. (Exh. 6.)  The Appeals Council informed

20  plaintiff of its denial of plaintiff's second request on August 16, 2004, which is presumed to have been

21  received 5 days after the mailing or no later than August 21, 2005.  Plaintiff filed this action on

22  December 2, 2004.  The 60-day limit to file this action, with the one extension, expired on May 11,

23  2004. Even assuming plaintiff could have filed after receiving the August 16, 2004 denial of the second

24  extension request, she did not file the civil complaint for nearly four months.  *See Fletcher v. Apfel*, 210

25  F.3d 510 (5th Cir. 2000) (affirming summary judgment in favor of commissioner for untimely filing of

26  one day); *Vernon v. Heckler*, 811 F.2d 1274 (9th Cir. 1987) (complaint filed four days late but case

27  remanded because statute of limitations issue could not be resolved by Court of Appeals before applicant

28  had opportunity to delineate factual basis for applicant's claim of estoppel or equitable tolling of statute).

1   Plaintiff does not argue that she failed to receive the notice or that the Appeals Council used an

2   improper address.  *See Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997) ("The availability of

3   judicial review does not depend upon the receipt of notice by the claimant's attorney or personal

4   representative. . . . Our focus is on the notice sent to [the claimant]").  The Notice was addressed to

5   plaintiff at P.O. Box 6175, Fresno, Ca. 93703.  Indeed, the prior-mailed notice from the Administrative

6   Law Judge, which provided notice of an unfavorable decision, was mailed to the identical address and

7   was apparently received. Thus, there is no evidence to rebut the presumption that plaintiff received the

8   Notice from the Appeals Council within 5 days after August 16, 2002.

9   Plaintiff argues in her opposition that she thought that the Appeals Council letter of March 11,

10   2004 provided her with 6 months to a year additional time to file her civil action.  (Opposition p.2.)  The

11   Appeals Council letter of March 11, 2004 stated:

12   "The Appeals Counsel now extends the time within which you may file
     a civil action (ask for court review) for 60 days from the date you receive
13   this letter.  We assume that you received this letter 5 days after the date
     on it unless you show us that you did not received it within the 5 day
14   period." (Exh. 4.)

15   Plaintiff does not explain how this language misled her into believing she had 6 months to 1 year

16   additional time to file the civil action.  The letter states she had a 60-day extension.  In addition, plaintiff

17   does not explain why, if she believed she had 6 months to 1 year additional time to file the civil action,

18   she requested a second extension of time on May 11, 2004. (Exh. 5.)

19   **Review of the Appeals Council's Denial**

20   Plaintiff's second request for an extension of time was based upon the same reasons as the first

21   request for extension - illness, loss of doctors and attorneys.  The Appeals Council reviewed her request

22   for an additional extension, considered the reasons, and denied the request.

23   Plaintiff argues that she presented evidence to the Appeals Council to substantiate her second

24   request and implicitly argues that the Appeals Council should have granted the request.

25   This Court does not have jurisdiction to review the Appeals Council's decision.  Both the

26   Supreme Court and the Ninth Circuit have held that dismissals of requests for hearings or extensions of

27   time are not final decisions subject to judicial review. *Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct.

28   980, 51 L.Ed.2d 192 (1977) (Permitting federal judicial review of denials by the Appeals Council of

4

requests to reopen benefits claims would frustrate Congressional intent to "forestall repetitive or belated litigation of stale eligibility claims."); *Matlock v. Sullivan,* 908 F.2d 492, 493-94 (1990). In *Matlock v. Sullivan,* 908 F.2d 492 (9th Cir.1990), the plaintiff filed a complaint against the Secretary in district court seeking review of the Appeals Council's dismissal of his untimely request for review. The plaintiff had failed to file a request for review by the Appeals Council within 60 days after receipt of the ALJ's written hearing decision. Instead, 18 months after the ALJ's decision, the plaintiff filed a request for Appeals Council review which effectively sought an extension of time to file his appeal. Plaintiff alleged that he had been incarcerated and this was the cause for his delay in filing his request for review. The Appeals Council dismissed the request for review on the basis that plaintiff had not demonstrated good cause for filing outside the 60 day period.

The Ninth Circuit held that the district court properly dismissed plaintiff's complaint on the basis that it did not have jurisdiction to review the Appeals Council's discretionary refusal to consider an untimely request for review. The court noted that the existence of jurisdiction depended on whether the Appeals Council decision constituted a "final" decision under 42 U.S.C. § 405(g). The court concluded that Appeals Council decisions to refrain from considering untimely petitions for review are not final decisions subject to review in federal court. *Id.* at 493.

Here, this Court does not have jurisdiction to evaluate the discretionary decision of the Appeals Council to deny plaintiff's second request for an extension. Pursuant to *Matlock v. Sullivan,* the Appeals Council's denial is not a "final decision" subject to judicial review. Section 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" *Califano v. Sanders*, 430 U.S. at 108, 97 S.Ct. at 986. Thus, this Court does not have jurisdiction to review the denial by the Appeals Council of plaintiff's second request for extension of time to file her appeal.

**Equitable tolling**

The sixty-day limit for filing is not "jurisdictional." Rather, the limit "constitutes a statute of limitations." *Bowen v. City of New York,* 476 U.S. 467, 478 (1986); *Vernon v. Heckler,* 811 F.2d 1274, 1277 (9th Cir.1987). This limitation can be tolled by "traditional equitable tolling principles," such as when the cause of action is based on duress or undue influence or when the defendant fraudulently

1    conceals the cause of action. *Bowen,* 476 U.S. at 479; *Vernon,* 811 F.2d at 1277-78. Generally, equitable

2    circumstances that might toll a limitations period involve conduct (by someone other than the claimant)

3    that is misleading or fraudulent. *Smith v. McClammy,* 740 F.2d 925, 927 (11th Cir.1984) (Title VII case);

4    *Turner v. Bowen*, 862 F.2d 708, 710 (9th Cir. 1988). In *Vernon,* for example, the plaintiff was late in

5    filing a complaint in a similar cause of action. In that case, the plaintiff alleged that a Social Security

6    Administration employee misinformed him about the filing deadline. 811 F.2d at 1275. In *Bowen,* the

7    plaintiffs were prevented from filing because of "the Government's secretive conduct." 476 U.S. at 481.

8        Plaintiff argues that she could not find the federal court house and was sent away from the Van

9    Ness courthouse (the county courthouse) when she tried to file her papers in that court.  "Equitable

10   tolling thus far has been allowed only in those cases where the government has hindered a claimant's

11   attempts to exercise her rights by acting in a misleading or clandestine way." *Wong v. Bowen,* 854 F.2d

12   630, 631 (2d Cir.1988) (equitable tolling denied even though claimant for social security disability

13   benefits asserted that illness prevented her from timely filing an action in federal district court). And

14   courts have recognized the principle that "ignorance of legal rights does not toll a statute of limitations."

15   *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988).

16       Here, plaintiff's inability to locate the correct courthouse to file her complaint is not attributable

17   to the Commissioner.  The original notice by the Appeals Council, dated December 12, 2003, denying

18   review of the administrative decision informed plaintiff that she could file "a complaint in the United

19   Stated District Court for the judicial district in which you live."  In the subsequent notices from the

20   Appeals Council, dated March 11, 2004 and August 16, 2004, plaintiff was informed that if she had any

21   questions she could contact the local Social Security Office, and was provided a telephone number.

22   (Exh. 4 and 6.)  Thus, the conduct of defendant did not contribute to plaintiff's inability to file her

23   complaint  in the correct court.

24       Plaintiff argues that she has been ill, without an attorney and could not comply with the time

25   requirements.  These arguments are the same reasons presented to the Appeals Council for the second

26   extension which the Appeals Council denied.  These reasons do not form a basis for tolling the statute

27   of limitation or provide jurisdiction for review of the Appeals Council's decision.

28       Accordingly, the action is barred by the sixty-day statute of limitations set forth in 42 U.S.C. §

405(g). Since plaintiff's complaint is untimely, plaintiff has failed to invoke this Court's jurisdiction which warrants dismissal of this action.  There is no evidence to justify tolling of the filing deadline.

**Miscellaneous Arguments**

Plaintiff asks this court to review the merits of her case and the new evidence of disability and award benefits.  The sole issue before this Court at this time is whether plaintiff complied with the statutory requirements of timely filing of the civil complaint.  The Court does not have before it the issue of whether claimant's alleged impairments meet the criteria of the Social Security Act. 42 U.S.C. § 1382c (a)(3)(A) (In order to qualify for benefits, a claimant must establish that he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than 12 months.)

Plaintiff asks the Court to have the Commissioner pull "her medicals" to corroborate her claim that she was injured in July 2005.  The issue before this Court is not the scope of the injury, but the timeliness of the filing of the complaint following the Appeal's Council's denial of plaintiff's second extension request.  Claimant's injury or illness was considered by the Appeals Council in her second extension request.  That extension request was denied.  Plaintiff did not timely file her complaint within the time frame provided by section 405(g).

## CONCLUSION AND ORDER

For the reasons discussed above, this Court GRANTS the Commissioner's motion to dismiss and ORDERS that this action is dismissed with prejudice.

IT IS SO ORDERED.

**Dated:    August 2, 2005**              _____/s/ Lawrence J. O'Neill_____
b9ed48                                                  UNITED STATES MAGISTRATE JUDGE

7