# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOTTA OGUNDIMO,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>　　　　　Defendant.<br>_____/ | CASE NO. CV-F-04-6641 LJO<br><br>**ORDER ON PLAINTIFF'S REQUEST<br>FOR RECONSIDERATION** (Doc. 26) |

## INTRODUCTION

Plaintiff Carlotta Ogundimo ("plaintiff") proceeds in this action seeking judicial review of an administrative decision denying plaintiff's claim for benefits under the Social Security Act. Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties consented to proceed before a United States Magistrate Judge, and this action was reassigned to Magistrate Judge Lawrence J. O'Neill. This Court granted the motion by Defendant Commissioner of Social Security ("Commissioner") to dismiss plaintiff's action on the grounds plaintiff's complaint was untimely filed. Plaintiff asks for reconsideration.

## BACKGROUND

On September 23, 2003, an Administrative Law Judge denied plaintiff's claims for disability benefits. On December 12, 2003, the Appeals Council of the Social Security Administration denied plaintiff's request for review of an Administrative Law Judge's decision and notified plaintiff on the same day. (Doc. 7 to the Court's file, Decl. of Rose Ray, Exh. 2 to Defendant's motion.) On February

10, 2004, plaintiff requested the Appeals Council grant her an extension of time to file a civil action. (Exh. 3.) The basis for plaintiff's request was illness and the withdrawal of her attorney from representation. On March 11, 2004, the Appeals Council granted plaintiff an additional 60 days to file a civil action. (Ex. 4.) Plaintiff then requested a second extension of time to file a civil action on May 11, 2004. (Exh. 5.) That request was denied by the Appeals Council on August 16, 2004. (Exh.6) The Appeals Council informed plaintiff of its denial of plaintiff's second request on August 16, 2004, which is presumed to have been received 5 days after mailing or no later than August 21, 2005.[1] On December 2, 2004, plaintiff filed her complaint in this action for judicial review. *See* 42 U.S.C. § 405(g).

On April 15, 2005, the Commissioner filed this motion to dismiss for lack of subject matter jurisdiction on the grounds that plaintiff's complaint is untimely for failure to file the complaint within 60 days of the Notice from the Appeals Council. On July 6, 2005, plaintiff filed a response to the motion. On July 21, 2005, the Commissioner filed a reply brief in support of her motion. Plaintiff filed a reply to the Commissioner's reply on July 29, 2005. On August 3, 2005, the Court granted defendant's motion to dismiss on the grounds that the civil action was not timely filed. (Doc. 23.) On August 16, 2005, plaintiff filed what the court will deem as a motion to reconsider the order dismissing this action.[2] (Doc. 26.)

## DISCUSSION

Judicial review of final decisions denying claims under Title II or Title XVI of the Social Security Act is governed by 42 U.S.C. § 405 which provides in pertinent part:

> (g) Judicial Review.  Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain review of such decision by a civil action commenced **within 60 days** after mailing to him of notice of such decision or

---

[1] Plaintiff argues that this notice was received late. Typically, proof of the date of actual receipt is required so establish that it was received late. Plaintiff did not provide such proof. Nonetheless, the date of receipt is not dispositive of this motion.

[2] Reconsideration is appropriate when the district court is presented with newly discovered evidence, committed clear error, or there is an intervening change in controlling law. *School District No. 1J, Multnomah County, Oregon v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994). Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *See Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). In that plaintiff is not represented by counsel, the Court will consider the merits of the request for reconsideration.

within such further time as the Commissioner of Social Security may allow. **Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides**, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia. . . .

Pursuant to 42 U.S.C. § 405, the only permitted civil action on a claim arising under Title II or Title XVI of the Social Security Act is to review the "final decision of the [Commissioner] made after a hearing" and which must be "commenced within 60 days after mailing to [the claimant] notice of such decision." The action must be brought in the judicial district in which plaintiff lives.

It is not disputed that plaintiff failed to file the civil action within 60 days of the notice of final decision,

Plaintiff argues that she was told by the Social Security Administration that she could send her action to Leesburg Pike, Falls Church, Va. 22041-3255. She argues that this is where she mailed her appeal and request for review on November 2, 2004. She attaches a copy of a certified return receipt showing the mailing to the Social Security Administration on November 2, 2004.

From the Court's review of the documents referred to by plaintiff, it appears that she confused the filing of the appeal from the Administrative Law Judge's decision with the commencing of a civil action for judicial review following the Appeals Council's final decision. Plaintiff's argument refers to the notice of decision from the Social Security Administration dated September 23, 2003. (Exh. 1 to Doc. 7 in the Court's file.) In the September 23, 2003 notice, the Administrative Law Judge informed plaintiff of the unfavorable decision and of plaintiff's right to appeal the Administrative Law Judge's decision to the Appeals Council.

> "**How to File an Appeal**
>
> "To file an appeal you or your representative must request that the Appeals Council to review the decision. You must make the request in writing. . . .
>
> "You may file your request at any local Social Security office or a hearing office. You may also mail your request right to the Appeals Council, Office of Hearings and Appeals, 5107 Leesburg Pike, Falls Church, VA 22041-3255. . ." (Exh. 1 to Doc. 7.)

This notice did not refer to plaintiff's rights in seeking judicial review.

In a separate notice following the Appeals Council's review, dated December 12, 2003, the

Appeals Council notified plaintiff that it denied her request for review and that she could file a civil action. (Exh. 2 to Doc. 7.)  The December 12, 2003 notice stated, in pertinent part:

> "**How to File a Civil Action**
> "You may file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which you live.   . . ." (Exh. 2 to Doc. 7) (Emphasis in original.)

Plaintiff then twice asked for additional time to file a civil action and the second time was denied by the Appeals Council.

Section 405(g) provides that judicial review is started by "commencing" a civil action in the District Court in which plaintiff resides.  The word "commenced" means to file.  A petition to review a decision of the Secretary must be brought within the statutory time limit and in the district court.  Plaintiff did not do so and therefore did not timely commence the action.

Plaintiff says that she was told she could ask for review by sending notice to Leesburg Pike, Falls Church, Virginia, and she was confused.  She was told by the Social Security Administration to ask for review, which she thought meant judicial review, by sending her request to Leesburg Pike, Falls Church, Virginia.  She provides evidence of having done so.

Plaintiff's argument, although not specifically so articulated, is an estoppel argument. To estop the federal government from insisting upon compliance with § 405(g), plaintiff must establish affirmative misconduct by the government. *See Schweiker v. Hansen,* 450 U.S. 785, 788-89 (1981) (a Social Security employee's negligence in providing misinformation to one making inquiry about benefits is not sufficient to cause estoppel against the government; *Morgan v. Heckler,* 779 F.2d 544 (9th Cir.1985); *cf. Heckler v. Community Health Services,* 467 U.S. 51, 60 (1984) ("it is well settled that the Government may not be estopped on the same terms as any other litigant").  As the Ninth Circuit held in *Morgan:* "[t]he general requirements for estoppel of a private party are neither conclusive nor exhaustive when one seeks to bind the government. Beyond the four traditional elements of estoppel, estoppel against the government must rest upon affirmative misconduct going beyond mere negligence. Furthermore, estoppel will apply only where the government's wrongful act will cause a serious injustice, and the public's interest will not suffer undue damage by imposition of the liability.779 F.2d at 545 (citations omitted).

1 Here, there was no affirmative misconduct. Plaintiff appears to have misunderstood the difference between the "appeal" (of the administrative decision) and the "judicial review" of the Appeals Council's denial of review. The Administrative Law Judge accurately informed plaintiff of how to appeal his adverse administrative opinion. Thereafter, the Appeals Council accurately informed plaintiff how to seek judicial review following the Appeals Council's adverse decision. Plaintiff then requested additional time to so seek judicial review. The Appeals Council's denial of plaintiff's second request for an extension (Exh 6 to Doc. 7) did not include, again, language on how to file a civil action. Nonetheless, the absence of this language is not affirmative misconduct. The Appeals Council had previously so informed plaintiff how to file a civil action. Thus, there is no affirmative misconduct.

The Court does not find that plaintiff timely filed her action of judicial review or that estoppel should apply to the Social Security Administration.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES plaintiff request for reconsideration.

IT IS SO ORDERED.

**Dated:   August 24, 2005**                    **/s/ Lawrence J. O'Neill**
b9ed48                                         UNITED STATES MAGISTRATE JUDGE